# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEERING CARTER, | Civil Action No. 2:14-cv-01260 |
| Plaintiff, | Senior United States District Judge<br>Terrence F. McVerry |
| v. | |
| HARPER, WARDEN; SGT. REUBEL;<br>JOHN SMITH, and OFFICER ZOLLER,<br>Defendants. | United States Magistrate Judge<br>Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.    Recommendation**

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by Defendant John Smith and the County Defendants (ECF Nos. 8 and 19, respectively) be granted and that Plaintiff not be provided leave to amend as it would be futile. Plaintiff has not responded to the motions, and the time for responding has now passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motions to dismiss to be ripe for resolution.

**II.    Report**

   A.    <u>Relevant and Material Facts</u>

Plaintiff, Deering Carter, initiated this action on September 15, 2014, by the filing of a motion to proceed *in forma pauperis*. (ECF No. 1). At that time, Carter was incarcerated at the Allegheny County Jail ("ACJ"). The motion to proceed *in forma pauperis* was granted (ECF No. 2), and the complaint was filed. (ECF No. 4) The original complaint remains the operative complaint. Named as Defendants are Orlando Harper, the Warden of ACJ; Sgt. Reubel; the ACJ Chaplain Office; and Officer Zoller (collectively referred to as the "County Defendants") and

1

John Smith, allegedly the "Medical Director" at ACJ during the incidents complained of in this lawsuit. This case stems from events allegedly arising on approximately "July 18, 2014" during the time was a pretrial detainee at ACJ. Complaint, ¶ IV (A).

The Complaint is far from a model of clarity as it lacks specificity in its details. As to Defendant Smith, Carter alleges that Defendant Smith "allow[ed] the administrative deny me medical attention when by record I have a life threatening illness . . . ." (Complaint, at 2-3.) Carter alleges that he was HIV "which is turning into AIDS when he entered the ACJ, but "they stop the enhance tray causing me to lose weight rapi[d]ly." He further claims that medical was supposed to take blood, which they "finally" did, but he did not know his CD4 white blood cell count number.

He alleges that the Chaplain's Office denied him his right to exercise his spirituality by not allowing him to use the Internet. His allegations against the other County Defendants include, *inter alia*, an allegation that he was struck by a sergeant, had false charges filed against him, and was not provided a paralegal to assist him in his legal defense.

Defendants have each filed a Motion to Dismiss, with brief in support, in which they seek to have Plaintiff's claims against them dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court issued a Response / Briefing Schedule and Plaintiff was specifically advised to either file an amended complaint or a response to Defendants' motions to dismiss. *See* ECF Nos. 9, Text Orders of 11/20/2014, 12/23/2014, and 3/30/2015. Plaintiff was further advised that should he fail to comply with the Orders, the Motions to Dismiss may be decided without the benefit of his response. *Id.*

On January 26, 2015, Plaintiff notified the Court that he no longer was incarcerated at the ACJ and that his new address was 7130 Frankstown Avenue, Pittsburgh, PA 15208.

On February 17, 2015, Plaintiff filed a Motion for Leave to Amend Complaint, in which he desired to pursue a respondent superior claim against Defendant Smith. Because neither the original Complaint nor the Motion for Leave to Amend provided the requisite factual detail from which the Court could infer that Defendant Smith personally acted with a culpable state of mind in being deliberately indifferent to Carter's serious medical needs, the motion was denied. Plaintiff was ordered to file a response to Defendants' motions to dismiss by April 16, 2015.

To date, Plaintiff has not filed any type of responsive pleading nor has he requested an extension of time in which to do so. Accordingly, the Court will analyze the Complaint on the merits, notwithstanding that Plaintiff did not file a response to the pending motions. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

B.  Standard Of Review

1.  *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*,

3

165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

2. *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint -

regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

### C. Discussion and Analysis

#### 1. Claims Against Defendant Smith

Plaintiff's claims against Defendant Smith are stated in one paragraph of the Complaint:

> JOHN SMITH MEDICAL DIRECTOR I HAVE H.I.V. WHICH IS TURNING INTO AIDS WHEN I ENTER THE JAIL THEY SAID THEY STOP THE ENHANCE TRAY CAUSING ME TO LOSE WEIGHT RAPI[D]LY NOT ONLY THAT MEDICAL PERSONNEL ARE SUPPOSE TO TAKE OVER TWO MONTH DRAW MY BLOOD MEDICAL IS SUPPOSE TO TAKE MY BLOOD TO SEE WHERE BY CD 4 COUNT IS THEY FINALLY TOOK IT AND I DO NOT KNOW MY CD 4 COUNT NUMBER WHICH I HAVE A LIFE'S THREATENING ILLNESS WHICH PUT THEM IN A POSITION DELIBERATE INDIFFERENCE WHICH IS VIOLATION OF THE CONSTITUTION 8TH AMENDMENT AND 14TH AMENDMENT.

Complaint, ECF No. 4 at pp. 4-5, ¶ 1.

Carter claims that he was a pre-trial detainee at the time of the alleged constitutional violations. For purposes of ruling on the instant motions, however, the legal analysis is the same whether Plaintiff was a pretrial detainee or a convicted person. The United States Court of Appeals for the Third Circuit has indicated that a pretrial detainee's right to adequate medical care should be analyzed under the well-settled standard established in *Estelle v. Gamble*, 429 U.S. 97 (1976), which provides that prison officials are required "to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle*, 429 U.S. 97 (1976)). "It would be anomalous to afford a pretrial detainee less constitutional protection than one who has been convicted." *Hampton v. Holmesburg Prison*

*Officials,* 546 F.2d 1077, 1079-80 (3d Cir. 1976). Thus, at a minimum, the "deliberate indifference" standard of *Estelle* must be met. *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979).

Carter, however, cannot predicate liability under 42 U.S.C. § 1983 solely on vicarious liability or respondeat superior. *Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 691 (1978). Instead, Carter must set forth facts showing personal participation of a medical provider defendant in care which is so inadequate that it would constitute a constitutional violation. *Valasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013).

Carter appears to want to hold Smith liable for the care rendered by others. Nowhere in the Complaint does Carter allege the personal participation by Smith. Carter also has not alleged any facts from which a reasonable fact finder could infer that he suffered an objectively serious deprivation of care or that Smith acted with culpable state of mind in relation to the care provided to Carter. The Complaint does not allege that Smith personally treated him or personally deprived him of care with a subjectively culpable state of mind.

Accordingly, it is recommended that the Motion to Dismiss filed by Defendant Smith be granted and Plaintiff's claims against Defendant Smith be dismissed for failure to state a claim.

2.  Claims Against the Chaplain Office

In his Complaint, Carter alleges that the Chaplain's Office denied him his right to exercise his spirituality by not allowing him to use the internet. The Complaint states that the internet is necessary for Carter to "obtain animism and harmetic philosophy." Complaint at ¶ 2. Significantly, Carter makes no allegation that he is being denied the right to use the internet due to his religion or how the use of the internet is necessary in "exercising his spiritual belief."

As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage [ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 230–34 (internal citations omitted).

In this case, Plaintiff has not presented any facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Accordingly, it is recommended that the claims against the Chaplain Office be dismissed for failure to state a claim.

### 3. Claims Against Defendant Harper

Plaintiff's claims against Defendant Harper are stated in one sentence:

> "HARPER IS AWARE WHO IS THE WARDEN OF EVERYTHING WHICH THE GUARDS DO NO RESPECT HIM."

Complaint at 5, ¶ 3. The Court finds that the single mention of Defendant Harper in the Complaint does not support any type of claim against Defendant Harper. There is no claim that Defendant Harper had any personal involvement in any of the alleged unlawful actions. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicted solely on the operation of *respondeat superior.*"(citations omitted) Accordingly, it is recommended that the claims against Defendant Harper be dismissed for failure to state a claim.

### 4. Claims Against Sgt. Reubel

Plaintiff's claims against Defendant Reubel are as follows:

SGT. REUBEL IS HITTING PEOPLE WITH THE TAZOR AND SPRAYING US JUST FOR REFUSING A ORDER NO CAMERA PRESENT . . .

8

> REFUSING A ORDER ONLY RESULT IN A DC-141 MISCONDUCT INSTEAD OF CRUEL AND UNUSUAL PUNISHMENT HE ALSO FILED A BOGUS STREET CHARGE AGAINST ME WHICH GOT DROPPED AND HE ALSO THREATEN ME WITH SAYING HE IS GOING TO GET ME ANOTHER STREET CHARGE SO HE CAN MAKE SURE I STAY IN PRISON AND DIE ALONG WITH AIDS.

Complaint, at p 6-7. It also appears that Carter is claiming that Defendant Reubel struck him in the back with a taser ("Sgt. hit me direct in my broken back with a tazor."). Complaint at p. 6.

The Court interprets Plaintiff's complaint as asserting a Section 1983 claim against Defendant Sgt. Reubel for malicious prosecution / false arrest and excessive force.

The Complaint does not contain any factual allegations which indicate what criminal charges were filed against Carter or that an arrest was made without probable cause. *Toribio v. Spece*, -- F. App'x ---, 2014 WL 661341 at * 2 (3d Cir. 2014) (quoting *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000)). Likewise, the Complaint provides virtually no facts to suggest that any use of force by Defendant Reubel was unreasonable and thus excessive. As such, the Court finds that Plaintiff fails to satisfy the *Twombly* pleading standard. *See Gage v. New Jersey*, 408 F. App'x 622, 624 (3d Cir. 2010) ("there is too little factual matter in Gage's complaint 'to justify moving the case beyond the pleadings to the next stage of litigation.' " (citation omitted)). Accordingly, it is recommended that the claims against Defendant Reubel be dismissed for failure to state a claim.

5.  Claims Against Officer Zoller

The allegations in the Complaint against Defendant Zoller are equally as vague as the claims against Defendant Reubel:

> A GUARD BY THE NAME OF ZOLLER TOLD INMATE'S THAT I WAS RAPED IN PRISON AND THAT IS WHY OR THAT IS HOW I CONTRACT H.I.V. AND THE INMATES'S ALONG WITH THE GUARDS REPEAT THIS TO ME ON A REGULAR BASIS TO PSYCHOLOGICALLY

9

> TORTURE ME . . . GUARDS LIKE ZOLLER ARE PUTTING US ON RESTRICTION FOR WALKING OUTSIDE THE CELL DOOR . . . CO / ZOLLER STATED HE HATE ALL BLACK PEOPLE IN FRONT OF BLACK STAFF . . . .

Complaint, at pp. 5-6. Under the standards set forth in *Iqbal* and *Twombly*, in order to survive a motion to dismiss, factual allegations cannot be speculative or conclusory. Although this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Pleading only "facts that are 'merely consistent with' a defendant's liability" or that the defendant possibly acted unlawfully is insufficient. *Id*. (citing *Twombly,* 550 U.S. at 557).

The Court finds that Plaintiff fails to satisfy the *Twombly* pleading standard. Accordingly, it is recommended that the claims against Defendant Zoller be dismissed for failure to state a claim.

###### 6. Access to Courts claim

Finally, it appears that Carter may be making an access to courts claim as he states that he was not provided a paralegal to assist him in his legal defense, "which is in direct violation of the constitution." Complaint at 6. However, Carter admits that he is represented by a Public Defender, although according to Carter, "it is a known fact them public defenders ain't really trying to do anything for us." *Id.* Carter also makes reference to a Law Library Computer, to which he had access while incarcerated at ACJ.

"[T]o pursue a claim of denial of access to the courts an inmate must allege actual injury . . . ." *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Watson v. Sec'y Pa Dep't of*

*Corrections,* -- F. App'x ---, 2014 WL 2200469 (3d Cir. May 28, 2014) (citing *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). In this case, Plaintiff fails to allege an actual injury as he does not allege that he has been prevented from litigating a potentially meritorious claim. Further, to the extent that Plaintiff is asserting that Defendants' conduct hindered his efforts to pursue his "nonfrivolous" and "arguable" claims, he lacks standing to assert such an access to courts claim. *See Lewis*, 518 U.S. at 352 (An inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials "hindered his efforts to pursue a legal claim.").

Accordingly, it is recommended that Plaintiff's access to courts claim be dismissed for failure to state a claim.

**D.     Futility**

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 9), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

**III.    Conclusion**

For the reasons stated above, it is respectfully recommended that the Motion to Dismiss filed by Defendant John Smith (ECF Nos. 8) be granted and that the Motion to Dismiss filed by the County Defendants (ECF No. 19) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days after date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: May 13, 2015

cc: DEERING CARTER
7130 Frankstown Avenue
Pittsburgh, PA 15208
(via U.S. First Class Mail)

Dennis R. Biondo, Jr.
Allegheny County Law Department
(via ECF electronic notification)

Alan S. Gold
Gold & Ferrante, PC
(via ECF electronic notification)